UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZAHID HOTEL GROUP, L.L.C. | : | DOCKET NO: 2:22-cv-02792 |
| | : | |
| | : | SECTION: |
| Versus | : | |
| | : | DISTRICT JUDGE:  ELDON E. FALLON |
| | : | |
| AMGUARD INSURANCE COMPANY | : | MAGISTRATE: DANA DOUGLAS |
| | : | |

**ORDER AND REASONS**

The Court has before it Defendant AmGUARD Insurance Company's ("AmGUARD") Motion to Dismiss Plaintiff Zahid Hotel Group's ("Zahid") declaratory judgment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 13. Zahid has responded in opposition. R. Doc. 18. Having considered the briefing and the applicable law, the Court rules as follows.

**I.    BACKGROUND**

This case arises out of alleged damage to a LaQuinta Inn, a property owned and operated by Zahid, which had an insurance policy (the "Policy") through Defendant. R. Doc. 9 at 3. Plaintiff alleges that, on August 29, 2021, Hurricane Ida caused significant damage to its property. *Id*. at 4. Zahid alleges that, although AmGUARD has paid it $1,032,617.92 for building repairs and mitigation, this amount is insufficient to cover its repair costs, and that it has not received compensation to which it is entitled under the Policy for business personal property and income loss claims. R. Doc. 18 at 4.

Plaintiff filed this suit against AmGUARD asserting breach of contract, violation of La. R.S. § 22:1892 for failing to meet statutory payment deadlines, and violation of La. R.S. §

22:1973 for breach of a duty of good faith and fair dealing. R. Doc. 9 at 8–9. It seeks damages for (1) diminution in value of property; (2) actual repair costs; (3) reimbursement for personal repairs at the property; (4) loss of business income; (5) consequential damages, (6) attorney's fees; and (7) statutory penalties. *Id.* at 9-10.  Additionally, Zahid requests declaratory relief that Defendant had an obligation to comply with La. R.S. § 22:1892 and La. R.S. § 22:1973. *Id.* at 8.

In lieu of filing an answer to the complaint, AmGUARD filed the instant Motion to Dismiss. R. Doc 13.

## II.     PRESENT MOTION

The present motion to dismiss is limited to Zahid's claim for declaratory judgment. AmGUARD asks this Court to dismiss Zahid's declaratory judgment claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6). AmGUARD argues, *inter alia*, that Zahid's declaratory action should be dismissed because it is "entirely derivative" of the other pleaded causes of action in that it involves identical issues and seeks identical relief. R. Doc. 13-1 at 6–8. In response, Zahid argues that its declaratory judgment action seeks a ruling by this Court not only that Defendant had an obligation to comply with those statutes, but also on what date any statutory obligations were triggered, and whether those obligations were complied with. R. Doc 18 at 9.

## III.    APPLICABLE LAW

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570.

However, "[c]ourts uniformly dismiss declaratory judgment claims under Federal Rule of Civil Procedure 12(b)(6) if they are redundant of the substantive legal claims." *Omkar, LLC v. AmGUARD Ins. Co.*, No. CV 22-1462, 2022 WL 3924291, at *2 (E.D. La. Aug. 31, 2022) (citing *Perry v. H.J. Heinz Co. Brands, LLC*, No. 19-280, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019)); *accord Lewis v. U.S. Army Corps of Engs.*, No. 18-1838, 2020 WL 4785045, at *2 (E.D. La. 2020); *Veal v. Wells Fargo Bank*, No. 16-3998, 2016 WL 6024534, at *6 (E.D. La. Oct. 13, 2016). A declaratory judgment claim is redundant if it "seek[s] resolution of issues that will be resolved as a part of the [non-declaratory] claims in the lawsuit." *Omkar*, 2022 WL 3924291, at *2 (citing *Perry*, 2019 WL 2423231, at *3).

## IV. DISCUSSION

In arguing that its declaratory judgment action is not merely duplicative of its other claims, Zahid states that it seeks declaratory judgment on three issues: whether AmGUARD had obligation to comply with La. R.S. § 22:1892 and La. R.S. § 22:1973, if so, on what date those statutory obligations were triggered, and whether those obligations were complied with. R. Doc 18 at 9. AmGUARD, on the other hand, claims that in order to rule on Plaintiff's breach of contract and breach of good faith and fair dealing claims, the Court must necessarily determine whether Defendant had an obligation to comply with La. R.S. § 22:1892 and La. R.S. § 22:1973, rendering a separate claim for declaratory judgment of that obligation redundant and unnecessary. R. Doc. 13-1 at 6–8.

It seems clear that AmGUARD is correct. Plaintiff's breach of contract claim rests on Defendant's failure to pay Zahid what it asserts it is entitled to under the Policy in compliance with the statutory timeline for such payments codified in La. Stat. Ann. §22:1892. Accordingly, to determine whether AmGUARD breached its contract with Zahid, the Court must determine whether AmGUARD had a duty to comply with La. Stat. Ann. §22:1892, and whether that duty was breached. To determine whether that duty was breached, the Court must determine on what date those statutory obligations were triggered. Similarly, Plaintiff's breach of good faith and fair dealing claim rests on Defendant's alleged failure to comply with the dictates of La. R.S. § 22:1973. Accordingly, to determine whether AmGUARD breached its duty to Zahid, the Court must determine whether AmGUARD had a duty to comply with and La. R.S. § 22:1973, and whether that duty was breached. To determine whether that duty was breached, the Court must determine on what date those statutory obligations were triggered.

Therefore, Zahid's claim for declaratory relief seeks resolution only of issues that will be resolved as a part of the Court's decision on its non-declaratory claims in the lawsuit. *See Omkar*, 2022 WL 3924291, at *2. Therefore, the declaratory relief action is redundant of Zahid's substantive legal claims and must be dismissed under Rule 12(b)(6).

## V.      CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is hereby **GRANTED** as to Zahid's claim for declaratory judgment only.

New Orleans, Louisiana, this 7th day of November, 2022.

_____
United States District Judge