UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZAHID HOTEL GROUP, L.L.C. | : | DOCKET NO: 2:22-cv-02792 |
| | : | |
| Versus | : | SECTION: |
| | : | DISTRICT JUDGE: ELDON E. FALLON |
| | : | |
| AMGUARD INSURANCE COMPANY | : | MAGISTRATE: DANA DOUGLAS |
| | : | |

**ORDER AND REASONS**

The Court has before it Defendant AmGUARD Insurance Company's ("AmGUARD") Motion to Compel Subpoena Responses from third-party Claremont Property Co. R. Doc. 56. Plaintiff Zahid Hotel Group ("Zahid") has responded in opposition, R. Doc. 59, and AmGUARD has filed an opposition brief. R. Doc. 60-2. Having considered the briefing and the applicable law, and having heard the parties at oral argument, the Court rules as follows.

I. **BACKGROUND**

This case arises out of alleged damage to a LaQuinta Inn, a property owned and operated by Plaintiff Zahid, which had an insurance policy (the "Policy") through Defendant AmGUARD Insurance Co.. R. Doc. 21 at 3. Plaintiff alleges that, on August 29, 2021, Hurricane Ida caused significant damage to its property (the "Property). *Id*. at 4. Zahid alleges that, although AmGUARD has paid it $1,032,617.92 for building repairs and mitigation, this amount is insufficient to cover its repair costs, and that it has not received compensation to which it is entitled under the Policy for business personal property and income loss claims. R. Doc. 18 at 4.

On August 22, 2022, Plaintiff filed this suit against AmGUARD asserting breach of contract, violation of La. R.S. § 22:1892 for failing to meet statutory payment deadlines, and violation of La. R.S. § 22:1973 for breach of a duty of good faith and fair dealing. R. Doc. 21 at 8–9. It seeks damages for (1) diminution in value of property; (2) actual repair costs; (3) reimbursement for personal repairs at the property; (4) loss of business income; (5) consequential damages, (6) attorney's fees; and (7) statutory penalties. *Id.* at 9-10.  Additionally, Zahid requests declaratory relief that Defendant had an obligation to comply with La. R.S. § 22:1892 and La. R.S. § 22:1973. *Id.* at 8. AmGUARD generally denies Zahid's claims. R. Doc. 30.

Before the filing of this lawsuit, on February 25, 2022, Zahid submitted to AmGUARD a document entitled "Proof of Loss[,]" which asserts that Zahid "obtained [a] bid from the licensed general contractor Claremont Property Co . . . to rebuild the property to pre-loss condition" for a total of $7,463,941.66. R. Doc. 56-3 at 7–9. Based on Claremont's bid (the "Claremont Bid"), which Zahid attached as an exhibit to the proof of loss document, Zahid asserted that AmGUARD owed Zahid $4,110,000.00 under the policy, after excepting the policy deductibles and AmGUARD's prior payments to Zahid from the Claremont Bid of $7,463,941.66. *Id.* at 9. Subsequently, on August 2, 2022, Zahid sent AmGUARD a letter entitled "Notice of Violations of Statutory Duties[,]" noticing AmGUARD that it was "in violation of Louisiana Revised Statute 22:1892, which requires an insurer to pay the amounts due to any insured within thirty (30) days after receipt of satisfactory proof of loss[,]" relying on the Claremont Bid as the referenced "satisfactory proof of loss." R. Doc. 60-6 at 1. Thereafter, Zahid filed the instant suit.

II.       PRESENT MOTION

AmGUARD now moves this Court to compel responses from Claremont to two subpoenas. R. Doc. 56-1; *see also* R. Doc. 56-5, R. Doc. 56-6. AmGUARD asserts that it is

entitled to seek discovery from Claremont because Zahid has "repeatedly identified Claremont and its employees or agents as relevant, material witnesses with discoverable information [and] has also identified Claremont employees or agents as will-call witnesses at trial." R. Doc. 56-1 at 5. Accordingly, in its first subpoena AmGUARD seeks all information in Claremont's possession relating to the Property, including any information Claremont considered in preparing the Claremont Bid. R. Doc. 56-5. In its second subpoena, AmGUARD seeks information pertaining to the "corporate or organizational relationship between Claremont and any employees or agents who inspected" the Property. R. Doc. 56-1 at 3; *see also* R. Doc. 56-6.

In opposition, Zahid claims, for the first time, that Claremont "is an informally consulted expert" and thus that it "should be precluded from discovery" under Federal Rule of Civil Procedure 26(b)(4)(D). R. Doc. 59 at 1.

### III. DISCUSSION

In support of its motion to compel, AmGUARD argues that Zahid has not validly supported its "conclusory" assertions that Claremont is a non-testifying consulting expert and that the work-product privilege thus protects information in Claremont's possession. R. Doc. 60-2 at 1–3. On the contrary, AmGUARD asserts that Zahid has repeatedly represented Claremont as a relevant third party with discoverable information and has identified will-call and may-call witnesses as employees of Claremont. *Id.* Additionally, AmGUARD argues that Zahid's assertion that Claremont is its consulting expert is factually untrue and disclaimed by Claremont itself. *Id.*

Rule 26(b)(4)(D) states that, subject to only a few exceptions, "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been

retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Because Zahid now identifies Claremont as a consulting expert who will not be called at trial, Zahid argues that Rule 26(b)(4)(D) bars AmGUARD from obtaining the information it seeks in the two subpoenas at issue here.

As the party asserting a privilege exemption from discovery, Zahid bears the burden of demonstrating the applicability of that privilege. *See, e.g.*, *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). Therefore, it is Zahid's burden to show that Claremont is a non-testifying consulting expert protected from subpoena under Rule 26(b)(4)(D).

Zahid asserted that Claremont is a non-testifying consulting expert for the first time in opposition to Claremont's motion to compel. Zahid does not support that assertion with any argument or evidence, and it is firmly belied by the record. Zahid submitted to AmGUARD its proof of loss based on the Claremont Bid. R. Doc. 56-3. AmGUARD's failure to pay the amount Zahid claimed it was entitled to, based on the Claremont Bid, forms the basis for Zahid's claim that it is entitled to statutory penalties under La. R.S. § 22:1892. R. Doc. 60-6. Zahid has repeatedly pointed to the Claremont Bid as evidence of the damages it seeks to recover in the instant suit. *See* R. Doc. 60-7 at 10; R. Doc. 60-8 at 3–5; R. Doc. 60-9 at 4–7; R. Doc. 17 at 10. Zahid identified "Contractor — Kevin Onnen of Claremont Property Co." as a person it had engaged relating to its claimed losses. R. Doc. 60-9 at 4. In its Rule 26(a)(1) disclosures, Zahid identified Kevin Onnen as an "individual likely to have discoverable information" that it may use to support its claims, providing Onnen's address as "Claremont Property Co. 5555 West Loop South, Suite 100 Bellaire, Texas 77401[,]" and stated that "Mr. Onnen may provide information regarding damages and causation of same to the insured property at issue in this litigation." R.

Doc. 60-10 at 3–4. Zahid identified "Dave Cianchetti, Claremont" as a "will call" witness at trial, and Kevin Onan [sic], Claremont" as a "may call" witness at trial. R. Doc. 60-18 at 3–4. Finally, as part of its Rule 26(a)(2)(b) expert report disclosures, Zahid produced a letter from Cianchetti, on Claremont letterhead, in which Cianchetti identified himself as "a Loss Consultant, contracted out by Claremont Property Co., hired to inspect, assess damages, and prepare repair estimates to properties that have sustained damage from Hurricane Ida." R. Doc. 60-15 at 1. In that letter, Cianchetti stated that he had inspected the Property, and created an estimate report based on "the original Claremont Property estimate," as well as his findings during the inspection and other materials. *Id.*

As other courts have explained, a "person initially selected to testify as an expert at trial cannot be shielded from questioning by later being also designated as a consultant expert and invoking the work product doctrine." *Commerce & Industry Ins. Co. v. Grinnell Corp.*, 1999 WL 731410, at *2 (E.D. La. Sept. 20, 1999) (quoting *Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.*, 168 F.R.D. 61 (D.N.M. 1996)). In *Commerce*, the National Fire Protection Association ("NFPA"), a former defendant, filed a motion to quash another party's notice of deposition of Chester Schirmer, whom NFPA had identified as a testifying expert. 1999 WL 731410, at *1. NFPA asserted that because it had been dismissed as a defendant from the suit, Schirmer would no longer testify at trial, and thus that Schirmer could not be deposed pursuant to Rule 26(b)(4)(B). *Id.* The Court rejected NFPA's argument that Schirmer could be converted from a testifying to a consulting expert after NFPA had designated Schirmer as a testifying witness on its witness list, and after Schirmer had submitted his expert report, and thus denied NFPA's motion to quash. *Id.* at *2.

Similarly, here, Zahid has repeatedly pointed to the Claremont Bid as the basis for its claims against AmGuard, identified "Kevin Onnen of Claremont Property Co." as in individual likely to have discoverable information pertaining to damages and causation in this matter, and identified "Dave Cianchetti, Claremont"[1] and "Kevin Onan [sic], Claremont" as will-call or may-call witnesses at trial. It cannot at this point rely on a blanket assertion of privilege and the bare assertion that Claremont is a non-testifying consulting witness in order to prevent AmGUARD from obtaining otherwise discoverable information from Claremont via subpoena. *See also WIII Uptown, LLC v. B&P Rest. Grp., LLC*, 2016 WL 4620200, at *6 (M.D. La. Sept. 6, 2016) (declining to recognize defendant's witness as a non-testifying consulting expert entitled to protection under Rule 26(b)(4)(D) "especially in light of [defendant's] previous identification of [the witness] as a fact witness[.]").

During oral argument, Zahid asserted that it possessed documents that may be responsive to the subpoenas but to which it claims consulting expert privilege, attorney client privilege, and attorney work product privilege. The Court requested in camera view of these documents and the corresponding privilege log and Zahid complied. After conducting its review, the Court found the privileges not to apply. Further, upon its in camera review, the Court noticed that at least one document (BATES ZAHID-CLAREMONT 002846-002848) demonstrates that Zahid considered Claremont "our expert," that Zahid expected Claremont "to be available to discuss/back up their

---

[1] In its opposition to AmGUARD's motion to compel, Zahid suggests that "any legitimate information and opinions related to the specific issues in this particular case can be obtained from David Cianchetti, who has been listed as an expert, and will testify regarding the damages sustained to the hotel, scope, and pricing at trial." R. Doc. 59 at 5. But, as discussed *supra*, Cianchetti's expert opinion is based, at least in part, on the Claremont Bid, which Cianchetti did not personally prepare. *See* R. Doc. 60-15 at 1. Deposing Cianchetti would thus not provide AmGUARD the discovery which it seeks via the contested first subpoena: information used by Claremont in preparing the Claremont Bid. Given that Zahid has repeatedly pointed to the Claremont Bid in support of its loss claims, as well as in support of its claim that AmGUARD has violated its statutory duties under Louisiana law, AmGUARD is entitled to discover the facts used in preparing the Claremont Bid, if not otherwise protected by privilege.

estimate in case the carrier has questions," and that Claremont would be present, in person or on Zoom, if the carrier wished to reinspect the property, evidencing Zahid's expectation that Claremont would assist AmGUARD in understanding the estimate at issue.[2]

Therefore, the Court finds that Zahid has not carried its burden to show that Claremont is a non-testifying consulting expect that is protected from responding to AmGUARD's subpoenas under Rule 26(b)(4)(D), nor has it carried its burden to demonstrate the other claimed privileges.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel, R. Doc. 56, is hereby **GRANTED**.

New Orleans, Louisiana, this 5th day of July, 2023.

_____
United States District Judge

---

[2] "Sometimes, if the carrier wants to reinspect the property, we would like Claremont to be present, if we can do it over the Zoom than [sic] its [sic] even easier where Claremont just need to be on Zoom call to discuss with the carrier's IA." BATES 002846.