UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZAHID HOTEL GROUP, LLC | * | CIVIL ACTION NO.: 2:22-cv-02792 |
| VERSUS | * | DISTRICT JUDGE: ELDON E. FALLON |
| AMGUARD INSURANCE COMPANY | * | MAGISTRATE JUDGE: MICHAEL NORTH |

## ORDER AND REASONS

Before the Court is Plaintiff Zahid Hotel Group, LLC's ("Zahid" or "Plaintiff") Motion for Partial Summary Judgment on the Counterclaim. R. Doc. 132. After considering the motion, Defendant AmGUARD Insurance Company's ("AmGUARD" or "Defendant") Response in Opposition, R. Doc. 139, the record, and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises out of alleged damage to a LaQuinta Inn, a property owned and operated by Zahid, which had an insurance policy (the "policy") through AmGUARD. R. Doc. 9 at 3. Zahid alleges that, on August 29, 2021, Hurricane Ida caused significant damage to its property. *Id.* at 4. Zahid alleges that although AmGUARD has paid it $1,032,617.92 for building repairs and mitigation, this amount is insufficient to cover its repair costs, and that it has not received compensation to which it is entitled under the Policy for business personal property and income loss claims. R. Doc. 18 at 4.

Zahid filed suit against AmGUARD asserting breach of contract, violation of La. R.S. § 22:1892 for failing to meet statutory payment deadlines, and violation of La. R.S. § 22:1973 for breach of a duty of good faith and fair dealing. R. Doc. 9 at 8–9. It seeks damages for (1) diminution

1

in value of property; (2) actual repair costs; (3) reimbursement for personal repairs at the property; (4) loss of business income; (5) consequential damages, (6) attorney's fees; and (7) statutory penalties. *Id.* at 9-10. Additionally, Zahid requests declaratory relief that Defendant had an obligation to comply with La. R.S. § 22:1892 and La. R.S. § 22:1973. *Id.* at 8.

AmGUARD subsequently asserted a counterclaim against Zahid, alleging breach of contract, bad faith breach of contract, and declaration of no coverage for misrepresentation. R. Doc. 88. AmGUARD alleges that Zahid breached its insurance policy by overstating damages, attributing pre-existing damages to Hurricane Ida when Zahid knew they were not caused by Ida, and failing to mitigate the damages that Ida did cause. *Id.* at 16-21.

## II.   PRESENT MOTION

Zahid filed a motion for partial summary judgment, moving the Court to dismiss AmGUARD's counterclaim, which alleges that Zahid intentionally damaged the hotel following Hurricane Ida. R. Doc. 132-1 at 1. Zahid argues that AmGUARD has no eyewitness support for this allegation and instead relies solely on the expert testimony and opinion of Dr. Coreen Robbins, whom Zahid also seeks to exclude under Rule 702. *Id.* at 2. Further, Zahid argues that the evidence adduced to date does not support AmGUARD's criminal allegations of fraud, pointing to photographs taken shortly after the Hurricane by engineering inspector Kurt Mulder which do not show any overtopped bathtubs in the general area where AmGUARD alleges water came from. *Id.* at 13. Zahid argues that AmGUARD must present credible evidence to support its allegations and standing only on Dr. Robbins's testimony, which can be contradicted by other evidence, is not enough. *Id.* at 16.

In opposition, AmGUARD argues that when causation turns on competing expert testimony, "it is for the jury to decide whether any, and if what, weight is to be given to the testimony." R. Doc. 139 at 1 (quoting *Dotson v. Price*, No. CV 17-14063, 2019 WL 2869198, at *3 (E.D. La. July 3, 2019). AmGUARD explains that its counterclaim is based on two separate allegations of fraud, one regarding damage to the building and the other relating to business income, and this motion only addresses the first category of fraud – therefore, summary judgment cannot dispense with the entire counterclaim on that basis. *Id.* at 5. Further, AmGUARD notes that much of this dispute centers on different opinions of various experts, and AmGUARD itself has concerns with the experts Zahid relies on to reach its conclusions. Therefore, AmGUARD urges the Court to deny summary judgment as too many questions of fact pervade this issue. *Id.* at 12-16.

### III. APPLICABLE LAW & DISCUSSION

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The United States Supreme Court has held that when summary judgment is sought on the basis of competing expert opinions, such matters are best left for a jury. *See Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627-29 (1944) ("It may well be that the weight of the evidence would be found on a trial to be with defendant. But it may not withdraw these witnesses from cross-examination, the best method yet devised for testing trustworthiness of testimony. And their credibility and the weight to be given to their opinions is to be determined, after trial, in the regular manner."). Further, in Louisiana, the issue of causation is decisively one of fact, generally reserved for a trial on the merits. *Estate of Adams v. Home Health Care of Louisiana*, 775 So. 2d 1064, 1064-65 (La. 2000) (per curiam).

Zahid seeks to throw out AmGUARD's counterclaim on the basis that AmGUARD's primary evidentiary support at this time is the testimony of expert Dr. Coreen Robbins. Zahid's objection to the Robbins testimony is that it conflicts or is inconsistent with its own experts, witnesses, and theory of the case. However, this alone is not enough to entitle a party to summary judgment. The counterclaim gets at a fundamental issue in this case: the cause of various claimed damages to the hotel. Causation is an issue of fact and the Court cannot adjudicate the counterclaim without a finding first as to the cause of the various claimed damages.

Accordingly, for the foregoing reasons, Zahid's motion for partial summary judgment is DENIED.

New Orleans, Louisiana, this 1st day of December, 2023.

                                                     *[signature: Eldon E. Fallon]*
                                                     United States District Judge