UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZAHID HOTEL GROUP, LLC | * | CIVIL ACTION NO.: 2:22-cv-02792 |
| VERSUS | * | DISTRICT JUDGE: ELDON E. FALLON |
| AMGUARD INSURANCE COMPANY | * | MAGISTRATE JUDGE: MICHAEL NORTH |

## ORDER AND REASONS

Before the Court is Defendant AmGUARD Insurance Company's ("AmGUARD" or "Defendant") Motion for Partial Summary Judgment on Bad Faith. R. Doc. 135. After considering the motion, Plaintiff Zahid Hotel Group, LLC's ("Zahid" or "Plaintiff") Response in Opposition, R. Doc. 141, AmGUARD's reply, R. Doc. 155, the record, and the applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises out of alleged damage to a LaQuinta Inn, a property owned and operated by Zahid, which had an insurance policy (the "policy") through AmGUARD. R. Doc. 9 at 3. Zahid alleges that, on August 29, 2021, Hurricane Ida caused significant damage to its property. *Id.* at 4. Zahid alleges that although AmGUARD has paid it $1,032,617.92 for building repairs and mitigation, this amount is insufficient to cover its repair costs, and that it has not received compensation to which it is entitled under the Policy for business personal property and income loss claims. R. Doc. 18 at 4.

Zahid filed suit against AmGUARD asserting breach of contract, violation of La. R.S. § 22:1892 for failing to meet statutory payment deadlines, and violation of La. R.S. § 22:1973 for

1

breach of a duty of good faith and fair dealing. R. Doc. 9 at 8–9. It seeks damages for (1) diminution in value of property; (2) actual repair costs; (3) reimbursement for personal repairs at the property; (4) loss of business income; (5) consequential damages, (6) attorney's fees; and (7) statutory penalties. *Id.* at 9-10. Additionally, Zahid requests declaratory relief that Defendant had an obligation to comply with La. R.S. § 22:1892 and La. R.S. § 22:1973. *Id.* at 8.

AmGUARD subsequently asserted a counterclaim against Zahid, alleging breach of contract, bad faith breach of contract, and declaration of no coverage for misrepresentation. R. Doc. 88. AmGUARD alleges that Zahid breached its insurance policy by overstating damages, attributing pre-existing damages to Hurricane Ida when Zahid knew they were not caused by Ida, and failing to mitigate the damages that Ida did cause. *Id.* at 16-21.

II.     **PRESENT MOTION**

AmGUARD filed a motion for partial summary judgment, moving the Court to find as a matter of law that the bad faith claims asserted against it fail because (1) Zahid cannot prove that it ever provided a satisfactory proof of loss provided to AmGUARD, and (2) Zahid cannot show that AmGUARD acted arbitrarily, capriciously, or without probable cause in failing to pay Zahid its requested funds. R. Doc. 135. AmGUARD argues that "to this day, causation and coverage for all of Zahid Hotel's claimed damage is not established" and accordingly, there is still no proof of loss sufficient for AmGUARD to provide coverage funding. R. Doc. 135-1 at 1. Citing the Fifth Circuit, AmGUARD argues that a "satisfactory proof of loss is 'only that which is sufficient to fully apprise the insurer of the insured's claims.'" *Id.* at 13-14 (quoting *French v. Allstate Indemnity Co.*, 637 F.3d 571, 586 (5th Cir. 2011)). AmGUARD concedes that the proof of loss need not be in a specific form but argues that it must "establish that (1) a covered loss (2) caused the insured damages and (3) the scope or extent of those damages." *Id.* at 14. Because at every

2

point AmGUARD had reasonable questions regarding the coverage, causation, and damages, AmGUARD argues that there is yet to be a satisfactory proof of loss and therefore Zahid is not entitled to statutory bad faith penalties. *Id.* at 14-26. Lastly, AmGUARD argues that should the Court find satisfactory proof of loss was indeed submitted, it argues that its investigations and delays were not arbitrary, capricious, or without probable cause because the more questions AmGUARD asked, the more questions arose as to the nature and cause of the claimed damages. *Id.* at 26-31. Specifically, AmGUARD pointed to various pre-existing damages that were submitted to AmGUARD before the Hurricane, which were not repaired, and yet were claimed again as being caused Hurricane Ida. *Id.* AmGUARD argues such investigations and concerns are reasonable and not in bad faith.

Zahid filed an opposition arguing primarily that AmGUARD's pre-suit inspections were careless, that the law requires they do a reasonable and thorough investigation of claims and its actions fall short of this standard, and that these failures are both a violation of law as well as AmGUARD's own internal policies. R. Doc. 141. Days after the Hurricane, AmGUARD assigned the Zahid claim to a third-party adjuster, Michael Barrett, who conducted an inspection on September 8, 2021. *Id.* at 2-3. Zahid represents that Barrett estimated damages would exceed $3,000,000, which is far above the $5,000 deductible, yet AmGUARD issued no payment. *Id.* at 3. Next, engineer Kurt Mulder inspected the property at AmGUARD's behest, and also provided a report to AmGUARD, yet Zahid explains no funds were forthcoming. *Id.* Ultimately, AmGUARD provided approximately $1,000,000 in April of 2022, which Zahid describes as "woefully inadequate" to cover the damages that had accrued since the prior August. *Id.* at 4.

Zahid additionally argues that Barrett and Mulder's inspections were not thorough as required by law because they either failed to pass information between one another, or operated

3

under misconceived notions, such as that the roof was made of clay as opposed to metal slats. *See id.* at 8-10. Further, Zahid attacks several AmGUARD employees as being unqualified to handle a claim as complex as Zahid's, leading to the violation of various internal policies. *Id.* at 7-17.

In reply, AmGUARD notes that most of the damages are still contested to this day and because Zahid cannot point to which damages were caused by Hurricane Ida, there is still no satisfactory proof of loss. R. Doc. 155 at 1 ("If Zahid Hotel doesn't know what that number is now, AmGUARD cannot be in bad faith for not knowing what it was then."). AmGUARD identifies that it discovered claimed damages following Ida were in fact pre-existing, for example by identifying certain roof damaged caused by a 2018 tornado. *Id.* at 8. AmGUARD represents that concerns such as these arose throughout its investigations and therefore it cannot be in bad faith for reasonably investigating what it perceived to be uncertain damages, coverage, and causation. *Id.*

### III. APPLICABLE LAW & DISCUSSION

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

Whether an insurer acted arbitrarily, capriciously, or without probable cause necessarily implicates questions of fact. AmGUARD argues that the causes of these damages were unknown at the time Zahid submitted its various documentation it claims constitute satisfactory proof of loss, and as such it must be found reasonable as a matter of law for continuing to investigate. However, Zahid raises important questions of material fact, for example when it points to the alleged assurances by Barrett as to the mitigation funds that were forthcoming. *See* R. Doc. 141 at 15 ("Mr. Barrett had advised Zahid that a $250,000 advance payment would be forthcoming. Zahid relied upon this assurance to properly mitigate the damage to the hotel."). Further, Zahid raises questions as to the timeline of AmGUARD's reservation of rights letter. *See id.* At this time, the Court cannot grant summary judgment on such a factually pregnant area as bad faith.

Accordingly, for the foregoing reasons, AmGUARD's motion for partial summary judgment on bad faith is DENIED.

New Orleans, Louisiana, this 1st day of December, 2023.

                                                                                        _____
                                                                                          United States District Judge