UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZAHID HOTEL GROUP, LLC | * | CIVIL ACTION NO.: 2:22-cv-02792 |
| VERSUS | * | DISTRICT JUDGE: ELDON E. FALLON |
| AMGUARD INSURANCE COMPANY | * | MAGISTRATE JUDGE: MICHAEL NORTH |

## ORDER AND REASONS

Before the Court is Plaintiff Zahid Hotel Group, LLC's ("Zahid" or "Plaintiff") Motion to Exclude Testimony of Dr. Coreen Robbins. R. Doc. 146. Defendant AmGUARD Insurance Company ("AmGUARD" or "Defendant") responded in opposition. R. Doc. 156. After considering the briefings, record, and applicable law, the Court rules as follows.

## I.      BACKGROUND

This case arises out of alleged damage to a LaQuinta Inn, a property owned and operated by Zahid, which had an insurance policy (the "policy") through AmGUARD. R. Doc. 9 at 3. Zahid alleges that, on August 29, 2021, Hurricane Ida caused significant damage to its property. *Id.* at 4. Zahid alleges that although AmGUARD has paid it $1,032,617.92 for building repairs and mitigation, this amount is insufficient to cover its repair costs, and that it has not received compensation to which it is entitled under the Policy for business personal property and income loss claims. R. Doc. 18 at 4.

Zahid filed suit against AmGUARD asserting breach of contract, violation of La. R.S. § 22:1892 for failing to meet statutory payment deadlines, and violation of La. R.S. § 22:1973 for breach of a duty of good faith and fair dealing. R. Doc. 9 at 8–9. It seeks damages for (1) diminution

1

in value of property; (2) actual repair costs; (3) reimbursement for personal repairs at the property; (4) loss of business income; (5) consequential damages, (6) attorney's fees; and (7) statutory penalties. *Id.* at 9-10. Additionally, Zahid requests declaratory relief that Defendant had an obligation to comply with La. R.S. § 22:1892 and La. R.S. § 22:1973. *Id.* at 8.

AmGUARD subsequently asserted a counterclaim against Zahid, alleging breach of contract, bad faith breach of contract, and declaration of no coverage for misrepresentation. R. Doc. 88. AmGUARD alleges that Zahid breached its insurance policy by overstating damages, attributing pre-existing damages to Hurricane Ida when Zahid knew they were not caused by Ida, and failing to mitigate the damages that Ida did cause. *Id.* at 16-21.

## II.     PRESENT MOTION

Zahid filed a motion to exclude the testimony of AmGUARD's mold expert, Dr. Coreen Robbins ("Robbins") on the basis that her testimony will not assist the trier of fact, is not based on sufficient facts or data, and is not the product of reliably applied principles and methods. R. Doc. 146. Zahid argues that Robbins's testimony as to surface mold growth is unnecessary because Louisiana jurors are familiar with the way mold grows on surfaces. R. Doc. 146-1 at 5. Zahid characterizes Robbins's conclusion that water intrusion came from somewhere on the third floor, as opposed to from the roof, as an "educated guess" and argues it is not the result of a scientific process. *Id.* at 6. Further, Zahid alleges that Robbins did not review the historical information about the hotel and therefore her analysis lacked a methodology. *Id.* at 11. Specifically, Zahid takes issue with some of Robbins's statements regarding evidence of top-down water intrusion when compared to the pre-suit inspectors' observations. Zahid argues these perspectives cannot be reconciled and contradict one another and therefore Robbins's methodology is in question. *Id.* at 11-14.

In opposition, AmGUARD argues that Robbins is unquestionably qualified as an expert and simply because her conclusions differ from other experts' does not make her methodology flawed. R. Doc. 156 at 1. AmGUARD explains that Robbins's expertise is helpful to the fact finder because she can differentiate between bulk event mold growth and condensation mold growth, and from these differences Robbins can explain why the mold in some rooms appears more than in others, and subsequently she can explain what that indicates about the path water took to infiltrate the building. *Id.* at 3-4. Further, AmGUARD argues that much of Zahid's motion focuses on Zahid's gripes with other individuals not subject to this *Daubert* motion, such as claims adjuster Michael Barrett and engineer Kurt Mulder, and these arguments are irrelevant to Robbins's qualifications under Rule 702. *Id.* at 11.

### III.    APPLICABLE LAW

Federal Rule of Evidence 702 governs the admissibility of expert witness testimony. The Rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if [the proponent demonstrates to the court that it is more likely than not that]: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's [opinion reflects a reliable application of] the principles and methods to the facts of the case.[1]

Trial courts are gatekeepers of expert testimony and must determine whether proffered expert testimony is reliable and relevant before admitting it into evidence. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 596-97 (1993). An expert's proposed testimony must be relevant, "not simply in the way all testimony must be relevant [pursuant to Federal Rule of Evidence 402],

---

[1] As of December 1, 2023, the Rule has been amended with the edits in brackets.

3

but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

The Fifth Circuit has stated that:

> [t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.

*Vogler v. Blackmore*, 352 F.3d 150, 156 n.5 (5th Cir. 2003) (quoting 1972 Advisory Committee Notes to Rule 702). However, expert testimony should only be excluded on this basis if a court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." *Peters v. Five Star Marine Serv.*, 898 F.2d 448 (5th Cir. 1990).

## IV.    DISCUSSION

First, the Court is satisfied that Robbins's testimony will assist the trier of fact in this instance. She brings expertise on various forms of mold growth that go beyond what a Louisiana juror, well versed in regular mold growth, would be familiar with in their day-to-day life. This case involves severe mold growth and questions about the source of the water intrusions that caused the mold growth, and Robbins's testimony will frame both parties' arguments with additional scientific context as to how mold grows in various circumstances. Further, Robbins physically visited and inspected the hotel and can ground her opinions in her investigation of the premises.

Next, simply because Robbins has reached different conclusions than other experts and witnesses in this case does not mean that her testimony amounts to *ipse dixit* as Zahid alleges. Robbins utilized various scientific methodologies with her team, and Zahid's primary opposition as to her methodology appears to be with her perceived failure to account for contradictory

evidence, for example photos taken by Mulder. *See* R. Doc. 146-1 at 12. This is a question for the jury to weigh and not a question of admissibility.

Accordingly, for the foregoing reasons, Zahid's motion to exclude the testimony of Dr. Coreen Robbins is DENIED.

New Orleans, Louisiana, this 1st day of December, 2023.

_____
United States District Judge