IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZAHID HOTEL GROUP, LLC | CIVIL ACTION NO.: 2:22-cv-02792-EEF-MBN |
| *Plaintiff,* | |
| v. | JUDGE: ELDON E. FALLON |
| AMGUARD INSURANCE COMPANY, | |
| *Defendant.* | MAGISTRATE JUDGE: MICHAEL B. NORTH |

### DEFENDANT AMGUARD INSURANCE COMPANY'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE UNDISCLOSED DAMAGES EVIDENCE & EXPERT WITNESSES

Defendant AmGUARD Insurance Company's motion in limine to exclude undisclosed evidence of damages and "expert" witnesses Kevin Onnen and Brian Greene (R. Doc. 195). To avoid conceding simple points based on the objective record, Zahid Hotel Group LLC's opposition brief resorts to sleights of language and gamesmanship that this Court should reject.

First, in response to AmGUARD's argument that Zahid Hotel should not be allowed to expand its *bad-faith* claims for undisclosed categories of "consequential damages," Zahid Hotel says it has no claims undisclosed damage "per AmGUARD's policy"—meaning, *coverage*—and refuses to address AmGUARD's other arguments.[1] Second, Zahid Hotel similarly failed to respond to AmGUARD's arguments about why Kevin Onnen should not be permitted to testify as an "expert" in this case. Zahid Hotel simply asserts that "Kevin Onnen is not expected to testify as an expert in Zahid's case-in-chief," without citing any authority that allows a litigant to hide an expert it hired *two years ago* from proper disclosure merely because the expert may only testify in rebuttal.[2] Third, Zahid Hotel cannot justify its failure to abide by the expert disclosure rules for

---

[1] R. Doc. 207 at 1–2.

[2] *Id.* at 2–3.

Briane Greene either. Without any legitimate justification, Zahid Hotel nonsensically argues that (1) Green actually has no expertise, (2) as an "expert" with no expertise, Greene nonetheless satisfies evidentiary Rule 702 (saying nothing about the lack of disclosure of his opinions, principles, or methods under procedural Rule 26), and (3) Greene is not a retained expert at all because he happened to inspect the property before Zahid Hotel officially filed suit even though Zahid Hotel's counsel specifically hired him to inspect the property, paid for all the tools of Greene's inspection, and paid him Greene salary and per diem—all with litigation in mind.

**I.  Zahid Hotel either fails to address or oppose any argument that it should be limited to its claims for "building" and "business personal property" damage at trial as part of both its coverage and bad-faith claims; AmGUARD's motion in limine should be granted.**

Zahid Hotel has asserted two claims against AmGUARD: first, a claim for monetary damages in the form of insurance coverage under Businessowner Policy No. ZABP176973; and second, a claim for monetary damages in the form of "bad-faith" penalties and attorneys' fees under Louisiana Revised Statutes §§ 22:1892, 1973.

In response to discovery, Zahid Hotel specifically itemized its alleged damages for its *coverage* claim as "building" damage up to its policy limit of $4 million, "business personal property" damage up to its policy limit of $300,000, and lost "business income," which has since been dismissed.[3] Zahid Hotel also specifically itemized—*to the penny*—the alleged penalties, in the form of supposed "consequential damages," that it believed AmGUARD owed for Zahid Hotel's *bad-faith* claim.[4] Zahid Hotel does not dispute that it never amended or supplemented its responses, though its counsel told AmGUARD that they would try to pursue additional and still-

---

[3]   R. Doc. 195-1 at 4 (explaining that Zahid Hotel calculated what it contended the "covered" damages to be, plus what it contended the "consequential damages" to be for each category of potential damage still in issue—building and business personal property).

[4]   R. Doc. 62-15 at 6 (Response to Interrogatory No. 9).

2

uncalculated "consequential damages" at trial, including "accrued interest on its . . . bank loan."[5]

In its opposition, Zahid Hotel ignores that it tried to circumvent the Federal Rules of Civil Procedure to expand its damages claims.[6] Instead, Zahid Hotel vaguely asserts that it has no claims for damages "*per AmGUARD's policy* other than those which have been previously disclosed."[7] In other words, Zahid Hotel confirmed that it will not pursue any additional damages for *coverage* "per AmGUARD's policy," but Zahid Hotel still hopes to expand its *bad-faith* claims by pursuing damages undisclosed to AmGUARD or this Court. Zahid Hotel asserts that it "maintains a cause of action for AmGUARD's breach of its affirmative duties of good and fair dealing pursuant to the contract of insurance, as well as La. R.S. 22:18723 [sic] and 22:19892 [sic],"[8] but fails to identify the categories or computation of damages it plans to pursue or confirm whether they match the information previously disclosed in discovery.[9]

It is far too late in this case for Zahid Hotel to be playing these games with AmGUARD or the Court. Because Zahid Hotel does not dispute that it failed to amend or supplement its discovery responses to disclose any additional categories or computations of alleged damage, as required by the federal rules and basic due process, the Court should grant AmGUARD's motion, prevent Zahid Hotel from expanding its damages theories, and exclude such arguments or evidence at trial.

---

[5]   R. Doc. 195-1 at 10–11.

[6]   R. Doc. 207 at 1–2 (failing to address AmGUARD's arguments).

[7]   *Id.* at 1 (emphasis added).

[8]   *Id.* at 2.

   This assertion doesn't make a ton of sense because Zahid Hotel's claim for alleged "breach of [the duty] good faith and fair dealing," is the *same* as Zahid Hotel's cause of action under Revised Statutes §§ 22:1892 and 1973—its own complaint says so by specifying the damages owed as those outlined in the statutes. R. Doc. 21 at 9.

[9]   R. Doc. 207 at 2.

**II.     Zahid Hotel fails to justify its non-disclosure for Kevin Onnen, and this Court should prohibit Zahid Hotel from presenting Onnen as an "expert" at trial.**

AmGUARD's motion also asked this Court to exclude Kevin Onnen and Brian Greene, addressed separately below, from testifying as experts at trial.[10] Zahid Hotel failed to respond to *any* of AmGUARD's arguments for Onnen's exclusion.

Zahid Hotel does not dispute that its counsel paid Onnen for his involvement in Zahid Hotel's claim.[11] Zahid Hotel does not dispute that Onnen thus satisfies the Rule 26(a)(2)(B) definition of a witness "retained or specially employed to provide expert testimony in the case" and was required to have been disclosed to AmGUARD according to this Court's scheduling order.[12] Zahid Hotel does not dispute that it did not identify Kevin Onnen as an expert witness among *five* other expert witnesses by its court-ordered disclosure deadline of February 22, 2023.[13] Zahid Hotel does not dispute that, after AmGUARD allowed engineering expert Robert Wright to supplement his opinions and expert report, Zahid Hotel *still* did not identify Kevin Onnen as an expert witness months later in May 2023.[14] And Zahid Hotel does not dispute that it has *never*— at any point in this case—provided AmGUARD with the "written report—prepared and signed by [Onnen]" that the Federal Rules of Civil Procedure and this Court require.[15] Zahid Hotel has

---

[10]   R. Doc. 195-1 at 12–14.

[11]   R. Doc. 207 at 2 ("Zahid, through its attorneys, utilized the services of Kevin Onnen to perform a commercial property claims adjustment of the Zahid's [sic] hotel utilizing an Xactimate program.").

[12]   *Compare* Fed. R. Civ. P. 26(a)(2)(B), *with* R. Doc. 207 at 2, *and* R. Doc. 36 at 1 ("Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than February 22, 2023.").

[13]   *See* R. Doc. 195-1 at 6.

[14]   *Id.* at 6.

[15]   *See* R. Doc. 207 at 2–3.

identified no written and signed report containing: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid."[16]

Zahid Hotel refers to an "Xactimate estimate [that] was 494 pages long," but an Xactimate estimate is not an expert report, and length cannot overcome a lack of substance. Zahid Hotel fails to explain how this estimate satisfies any—let alone *all*—of the requirements of Rule 26(a)(2)(B)(i)–(vi). Onnen's lack of qualifications, for example, is particularly important as Zahid Hotel argued in opposition that counsel hired him "to perform a commercial property claims adjustment of" the La Quinta Hammond.[17] According to the Louisiana Department of Insurance's license verification, Onnen is *not* authorized to adjust commercial property claims in Louisiana.[18]

Zahid Hotel seems to suggest that none of this matters because it identified Onnen only as a "may-call witness" and "Onnen is not expected to testify as an expert in Zahid's case-in-chief."[19] Zahid Hotel cites no authority—and AmGUARD knows of none—supporting the idea that a party can utterly (and deliberately) avoid the Federal Rules of Civil Procedure and the presiding judge's expert disclosure rules by waiting to call an expert witness for rebuttal.[20] On the contrary, judges throughout this district hold the opposite—that so-called "rebuttal" experts must be still be

---

[16] *Id.* at 2.

[17] *Id.*

[18] R. Doc. 218-1 at 1 (showing a license for "personal lines" only).

[19] R. Doc. 207 at 2.

[20] *See id.* at 2.

disclosed (and their written and signed reports produced) within the time limits provided in the court's standard scheduling order.[21] Zahid Hotel offers no explanation for its failure to timely disclose Onnen as an "expert" in this case, especially when Zahid Hotel concedes that counsel hired him *two years ago*—some time before December 2021.[22] This Court should grant AmGUARD's motion in limine and preclude Kevin Onnen from testifying as an expert at trial.

**III.     Zahid Hotel also fails to justify its non-disclosure for Brian Greene, and this Court should prohibit Zahid Hotel from presenting Greene as an "expert" at trial.**

Zahid Hotel's arguments for the admissibility of Greene's testimony are all over the place, but none overcome Zahid Hotel's fundamental failure to follow the rules.

Zahid Hotel starts with Rule 701 of the Federal Rules of Evidence, correctly noting that it "governs the admissibility of opinion testimony by *lay* witnesses," meaning non-experts.[23] Zahid Hotel then "submits that the utilization of a two-pin moisture meter does not require any specialized knowledge."[24] In other words, Zahid Hotel admits that Greene has no specialized expertise and should not be testifying as an expert in this case at all.[25] Because Zahid Hotel now concedes that Greene has no special expertise, this Court should grant AmGUARD's motion and

---

[21] *E.g.*, *Roth v. Sentry Insurance*, No. 20-1298, 2021 WL 1534499, at *1–2 (E.D. La. Apr. 19, 2021) (Ashe, J.) (striking expert witness and excluding use of expert report at trial for failure to abide by scheduling order despite plaintiff's argument that testimony was limited to rebuttal); *LeBeouf v. Manning*, No. 12-cv-2583, 2016 WL 9411380, at *7 (E.D. La. Feb. 2, 2016) (Vance, J.) (same); *Shepherd v. GeoVera Specialty Insurance Servs.*, No. 14-cv-862, 2014 WL 12721487, at *2 (E.D. La. Dec. 29, 2014) (Morgan, J.) ("Even if Plaintiff intends for Mr. Crawford to be solely a rebuttal witness, Plaintiff did not timely provide his expert disclosures as required under Rule 26(a)(2)(D)(ii)."); *Allemand v. Apache Corp.*, No. 09-cv-7502, 2010 WL 1154919, at *2 (E.D. La. Nov. 10, 2010) (McNamara, J.) (excluding rebuttal expert testimony "when he has not submitted an initial expert report, [because it] would prejudice Defendant with more discovery and delay and subvert the orderly scheme of expert disclosure which the Court has long ago adopted").

[22] R. Doc. 207 at 2.

[23] *Id.* at 4 (emphasis added); *see also* Fed. R. Evid. 701 ("If a witness is not testifying as an expert . . . .").

[24] *Id.* at 5.

[25] *Id.*

6

exclude his "expert" testimony from trial.

In the same breath as Zahid Hotel's concession that Greene actually has no expertise, Zahid Hotel then asserts that it identified Greene "as [a] potential expert," "in an abundance of caution."[26] Yet, Zahid Hotel fails to explain why it did not identify Greene even as a "potential expert" according to the disclosure requirements of the Federal Rules of Civil Procedure and this Court's scheduling order.[27] Again, Zahid Hotel does not dispute that Greene was not identified on Zahid Hotel's February 2023 expert disclosure, along with each of its five other experts (except Onnen).[28] And again, Zahid Hotel does not dispute that it has *never*—at any point in this case—provided AmGUARD with the "written report—prepared and signed by [Greene]" that the Federal Rules of Civil Procedure and this Court require.[29] Zahid Hotel has identified no written and signed report satisfying Rule 26(a)(2)(B)(i)-(vi).[30]

Again misunderstanding that "length" and "substance" are two different things, Zahid Hotel contends that "Mr. Greene's 278 page report was provided to AmGUARD on February 25,

---

[26] R. Doc. 207 at 5.

Zahid Hotel suggests that it is somehow AmGUARD's fault that Zahid Hotel cannot follow the rules in arguing that "AmGUARD's counsel has declined to stipulate to this simple issue [of whether using a moisture meter requires expertise]." *Id.*

Zahid Hotel presents this Court with *zero* support to substantiate its assertion that Zahid Hotel has ever asked, and AmGUARD has ever refused, to agree that there is no such expertise as a "moisture meter technician." *See id.*

AmGUARD *agrees* that Greene's sticking holes all over the walls of the La Quinta Hammond is far from expertise, which is all the more reason why Greene's testimony should be excluded here.

[27] *Id.*

[28] *Id.*

[29] *See id.*

[30] *See* R. Doc. 207 at 4.

7

2022."[31] Noticeably too, Zahid Hotel fails to cite or attach this so-called "report."[32] From deposing Greene, AmGUARD believes Zahid Hotel is referring to the "Encircle photo report," already in the record as R. Doc. 135-30.[33] Not only is this Encircle report not "written," "prepared," or "signed" by Greene—a clear violation of Rule 26—Greene's name appears nowhere on it.[34]

And Zahid Hotel still fails to explain how a PDF print-out of miscellaneous 1-square-inch photos satisfies any—let alone *all*—of the requirements of Rule 26(a)(2)(B)(i)–(vi).[35] Where is the "complete statement of all opinions . . . and the basis and reasons for them"? What are "the facts or data considered by the witness in forming" those opinions? More fundamentally, *what are Greene's opinions*? According to Greene, Zahid Hotel's lawyers hired him to take pictures of the La Quinta Hammond merely to show "that there are damages present."[36] Greene took "overview" photos and admittedly did nothing to distinguish between the *cause* of the visible damage that he (or anyone with an iPhone) could see:

> Q. When you're taking overviews, in your mind, are you distinguishing between what you think is caused by the hurricane versus what you think is not?
>
> A. No. I was just looking at the damage.[37]
>
> * * * *
>
> Q. So in each of these images, you're not intending for it to show any particular instance of damage, but it's an overview of the exterior of the property?
>
> A. That's correct.[38]

---

[31] R. Doc. 207 at 4.

[32] *See id.*

[33] R. Doc. 135-30.

[34] *See generally id.*

[35] R. Doc. 207 at 4.

[36] R. Doc. 135-38 at 24.

[37] *Id.* at 41–42.

[38] *Id.* at 58.

<pre>
                                * * * *
     Q.     So in getting a little more specific, are you trying to show instances of damage at
            the property?
     A.     I'm just showing when I was there on December 11th, the report, that's what I saw.
            That's all it says.
     Q.     So no views, one way or the other, about whether this is a result of Hurricane Ida?
     A.     This is what was present at the time of inspection.
     Q.     And that would be true for every photo in this report, correct?
     A.     (Witness nodding head affirmatively.) . . . Yes.[39]
</pre>

Green also testified the Encircle program that created this "photo report" was mandated by Zahid Hotel's *counsel*;[40] Greene had never used it before and "didn't familiarize [him]self with it that much."[41] Green also confirmed that quality of the photos within the "report" provided to AmGUARD "are nowhere near as good as the digital quality" that Zahid Hotel has not produced.[42]

Zahid Hotel tries to explain away all these failures by arguing, first, that there is no "prejudice or surprise" based on a one-off quotation from an unpublished Fifth Circuit opinion in *Joe Hand Promotions, Inc. v. Chios, Inc.*[43] There, the Fifth Circuit reviewed a district court's decision to take judicial notice of public records for plain error because the appellant failed to contemporaneously object to the ruling.[44] Appellant's only argument was that the proponent had failed to identify the public records in their Rule 26(a)(1) initial disclosures and the Fifth Circuit "assum[ed] that appellees violated Rule 26."[45] This case has nothing to do with the timely disclosure of experts or the failure to produce a Rule 26-compliant report. If there were any real

---

[39]   *Id.* at 60–61.

[40]   *Id.* at 45.

[41]   *Id.* at 25, 45.

[42]   *Id.* at 54.

[43]   R. Doc. 207 at 5 (citing 544 F. App'x 444 (5th Cir. 2013)).

[44]   544 F. App'x 444, 446–47 (5th Cir. 2013).

[45]   *Id.*

9

question, AmGUARD *is* prejudiced by Zahid Hotel's proposal of yet another litigation expert with an undefined expertise, as explained above. There has been no articulation of Greene's opinions, their basis, the principles on which those opinions are based, how they were applied here or why they matter in this case; AmGUARD absolutely disputes each of these issues, despite Zahid Hotel contending—again without a single citation—that "AmGUARD cannot dispute" them.[46]

Zahid Hotel closes by arguing that Greene may not actually be an "litigation expert" subject to Rule 26 at all.[47] AmGUARD already had to seek judicial intervention over Greene's involvement with Zahid Hotel's claim because Zahid Hotel had previously asserted, invoking Rule 26(b)(4)(d), that its counsel specially "retained [Greene] as a consulting expert only with no expected expert testimony at trial."[48] To *ever* assert this position in good faith, Zahid Hotel's counsel would have had to believe that Greene was "retained or specially employed . . . in anticipation of litigation"—language that mirrors Rule 26(a)(2)(B).[49] The only difference is whether the expert will be called as a witness at trial.[50]

To determine whether an expert is "retained or specially employed" or merely a percipient fact witness, such as a treating physician, courts find significant whether a "relationship between the plaintiff and the witness exists independent of the litigation, including whether the plaintiff's

---

[46] R. Doc. 207 at 5.

[47] *Id.* at 5.

[48] R. Doc. 71-1 at 5. Once AmGUARD filed that motion, Zahid Hotel admitted that AmGUARD "is entitled to full discovery related to Brian Greene. R. Doc. 79 at 2.

[49] Fed. R. Civ. P. 26(b)(4)(d).

[50] *Compare* Fed. R. Civ. P. 26(a)(2)(B) (describing an expert "retained or specially employed to provide expert testimony in the case"), *with* Fed. R. Civ. P. 26(b)(4)(d) (describing an expert retained or specially employed . . . in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness").

10

lawyer scheduled and paid for the appointments."[51] Here, Zahid Hotel admits that it had no pre-existing relationship with Greene and that he was hired by counsel.[52] And as AmGUARD already explained—and Zahid Hotel ignores—Greene himself testified that Zahid Hotel's counsel provided him all the tools, machinery, and programs to conduct his inspection.[53] Counsel even dictated Greene's *output* of information by requiring him to use "Encircle," which he otherwise had never used.[54] Counsel paid Greene a $1,500/week salary, $35 per diem, and rented him an AirBnB in New Orleans for the duration of his work on this and several other Gauthier Murphy & Houghtaling hurricane cases.[55] Greene is a hired gun, plain and simple.

Because Zahid Hotel has (repeatedly) failed to abide by the Federal Rules of Civil Procedure and this Court's scheduling order, the Court should exclude this testimony at trial.

Respectfully submitted,

/s/ Chloé M. Chetta
John W. Joyce, 27525
Laurence D. LeSueur, Jr., 35206
Chloé M. Chetta, 37070
Stephen R. Klaffky, 36211
Robert A. Waldrup, 37345
BARRASSO USDIN KUPPERMAN
 FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504/589-9700

*Attorneys for AmGUARD Insurance Company*

---

[51] *E.g.*, *Davis v. Liberty Mutual Fire Ins. Co.*, No. 22-cv-1538, 2023 WL 5815779, at *2 (E.D. La. June 22, 2023) (Vance J.) (citing *Collett v. Weyerhaeuser*, 512 F. Supp. 3d 665, 672 (E.D. La. 2021) (Fallon, J.)).

[52] R. Doc. 207 at 3.

[53] R. Doc. 195-1 at 13.

[54] *See supra* notes 40–42 and accompanying text.

[55] R. Doc. 195-3 at 4.