UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ZAHID HOTEL GROUP, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2792** |
| **AMGUARD INSURANCE COMPANY** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Defendant AmGUARD Insurance Company's ("AmGUARD") Motion for Reconsideration of this Court's recent Order & Reasons granting in part and denying in part summary judgment as certain coverage issues and bad faith claims. R. Doc. 199. Zahid Hotel Group ("Zahid") opposes the motion. R. Doc. 215. After reviewing the briefings and applicable law, the Court rules as follows.

### I. BACKGROUND

The Court is familiar with the factual history of this case and will not reproduce it in full here. For the purpose of this motion, the relevant background is as follows.

This case arises out of alleged damage to a LaQuinta Inn, a property owned and operated by Zahid, which had an insurance policy (the "policy") through AmGUARD. R. Doc. 9 at 3. Zahid alleges that, on August 29, 2021, Hurricane Ida caused significant damage to its property. *Id.* at 4. Zahid alleges that although AmGUARD has paid it $1,032,617.92 for building repairs and mitigation, this amount is insufficient to cover its repair costs, and that it has not received compensation to which it is entitled under the Policy for business personal property and income loss claims. R. Doc. 18 at 4. AmGUARD subsequently asserted a counterclaim against Zahid, alleging breach of contract, bad faith breach of contract, and declaration of no coverage for

1

misrepresentation. R. Doc. 88. AmGUARD alleges that Zahid breached its insurance policy by overstating damages, attributing pre-existing damages to Hurricane Ida when Zahid knew they were not caused by Ida, and failing to mitigate the damages that Ida did cause. *Id.* at 16-21.

## II.     PRESENT MOTION

AmGUARD filed a Rule 54(b) Motion for Reconsideration as to the Court's recent orders denying in part and granting in part summary judgment, urging the Court to specifically address three errors: (1) the Court's recent holding that the fence coverage cap applies to cap Zahid's fence recovery, arguing that while there is a coverage cap, it is limited to specific types of damage and wind and rain damage are not included; (2) the Court's recent holding that the "structural damage" provision granted coverage in cases of "collapse," arguing the Court misconstrued an *exclusion* as a provision granting coverage when there is in fact no coverage for collapse; and (3) that the Court did not address the "satisfactory proof of loss" issue, which AmGUARD argues is an independent ground for summary judgment on bad faith, especially in light of this Court's finding that damage causation an outstanding question in this case. R. Doc.  199. The fence and structural damage issues stem from this Court's December 1, 2023 Order & Reasons Granting in Part and Denying in Part AmGUARD's Motion for Partial Summary Judgment on Coverage, R. Doc. 186 ("Coverage Order") while the bad faith argument references this Court's December 1, 2023 Order & Reasons Denying AmGUARD's Motion for Partial Summary Judgment on Bad Faith, R. Doc. 188 ("Bad Faith Order").

Zahid does not oppose the fence matter but offers opposition on the structural damages and bad faith items. R. Doc. 215. On structural damages, Zahid reiterates its arguments presented in the summary judgment briefings, calling attention to alleged damage to the roof's trusses. Id. at 13. On bad faith, Zahid argues that when damage causation is an issue, this Court and others have

consistently reserved such questions for a jury. *Id.* at 5-7. Zahid additionally maintains its position that AmGUARD did in fact receive satisfactory proof of loss. *Id.* at 7-9.

## III. APPLICABLE LAW

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to challenge a judgment or order under Rule 54(b), 59(e), or 60(b). *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D.La. Nov. 4, 2022). While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls." *Id.* Rule 54 provides that district courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco*, 659 F.2d 551, 552 (5th Cir. 1981). Under such a standard, district courts can be "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017). Though this standard is lower than the threshold used for reconsideration of judgments under Rule 59, courts still "look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, 19-12130, 2020 WL 3832606 at *11 & n.2 (E.D. La. July 8, 2020). These considerations include "(1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016).

## IV. DISCUSSION

The Court grounds its discussion in the standard for reconsideration, which require a court to consider factors such as "(1) an intervening change in the controlling law, (2) the availability of

new evidence not previously available, or (3) a manifest error in law or fact." *Henry*, 2016 WL3524107, at *2. There has been no intervening change in controlling law, nor has new evidence not previously available surfaced in this matter. Therefore, the Court must look for a manifest error in law or fact and in this case acknowledges two errors of fact with its Coverage Order. The Court however finds no error with its Bad Faith Order. The Court will take these in turn.

First, in the Coverage Order, the Court acknowledges that it erred in misreading the policy. The fence provision at issue reads in full as follows:

> 2. Property Not Covered
>      Covered Property does not include: . . .
> e. Outdoor fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, signs (other than signs attached to buildings), trees, shrubs or plants, all except as provided in the:
> (1) Outdoor Property Coverage Extension; or
> (2) Outdoor Signs Optional Coverage[.]

Policy, R. Doc. 130-3 at 94. Under the Outdoor Property Coverage Extension, coverage only exists in certain instances. That relevant provision reads as follows:

> c. Outdoor Property
> You may extend the insurance provided by this policy to apply to your outdoor fences, radio or television antennas (including satellite dishes), signs (other than signs attached to buildings), trees, shrubs and plants, including debris removal expense. Loss or damage *must be caused by or result from any of the following causes of loss*:
> (1) Fire;
> (2) Lightning;
> (3) Explosion;
> (4) Riot or Civil Commotion; or
> (5)  Aircraft.
>
> The most we will pay for loss or damage under this Extension is $2,500, unless a higher Limit of Insurance for Outdoor Property is shown in the Declarations, but not more than $1,000 for any one tree, shrub or plant.

*Id.* at 104 (emphasis added). The Court in its Coverage Order held that the fence around the pool was indeed a fence as contemplated by the policy, and not a fixture as argued by Zahid, however

the Court then misapplied the provision above. Upon reconsideration, the Court corrects this manifest error of fact: because the policy specifies that the damage must stem from fire, lightning, explosion, riot or civil commotion, or aircraft, and there is no evidence that these causes of loss are at issue in this case, the Court finds no coverage as to the fence. Accordingly, AmGUARD is entitled to summary judgment on the issue of coverage to the fence.

Next, the Court turns to structural damages and collapse and acknowledges an error in its holding in the Coverage Order. As AmGUARD correctly points out, the Court misconstrued an *exclusion* for collapse as being an *exception* and thereby providing coverage. The Court now corrects the error of fact and finds that no coverage for collapse exists under the policy. Therefore, AmGUARD is entitled to summary judgment on Zahid's claim for "structural damages" to the extent these damages consist of roof damage already claimed.

Last, the Court turns to bad faith. AmGUARD argues that in both Orders, this Court conceded that damage causation was an outstanding issue of fact which precluded summary judgment as to some issues. AmGUARD argues that this Court's acknowledgement of the causation question requires this Court to find AmGUARD did not act arbitrarily or capriciously because it identified and investigated those same concerns. While the Court understands this argument, it finds no manifest error of fact or law to warrant disturbing the Bad Faith Order. A jury may very well find that AmGUARD was reasonable in identifying and investigating these concerns and that none of the purported proof of loss documents are satisfactory. However other considerations go into a bad faith analysis; for example, a jury may find that the investigation itself was not conducted in a timely or proper manner. Because the Court believes this issue should ultimately go to a jury, reconsideration as to bad faith is denied.

Accordingly, AmGUARD's Motion for Reconsideration is **GRANTED IN PART** as to the fence and structural damage issues and **DENIED IN PART** as to bad faith.

New Orleans, Louisiana, this 19th day of December, 2023.

                                                                                   _____
                                                                                    United States District Judge